IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

KERRY SMITH, et al.,              )
                                  )
          Plaintiffs,              )
                                  )
     v.                           )    No. 10 C 8276
                                  )
MHI INJECTION MOLDING             )
MACHINERY, INC., et al.,          )
                                  )
          Defendants.              )

                       MEMORANDUM ORDER

   Multi-Trans Services, Inc. ("Multi-Trans") has filed its Answer and Affirmative Defenses ("ADs") to the Complaint brought against it and MHI Injection Molding Machinery, Inc. by Kerry Smith and his wife Cheryl (collectively "Smiths"). This memorandum order is issued sua sponte because of the numerous problematic aspects of that responsive pleading.

   To begin with, this Court continues to have difficulty in understanding why any defense counsel, having been presented a plain-language roadmap for the disclaimer that Fed. R. Civ. P. ("Rule") 8(b)(5) prescribes for obtaining the benefit of a deemed denial, proceeds to ignore that clear path. In this instance Answer ¶¶1, 2 and 16 not only ignore the Rule's required disclaimer of a "belief" (a substantial hurdle when taken seriously) but also add a meaningless demand for "strict proof," whatever that may mean. In both those respects, see App'x ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

Next Multi-Trans' counsel deny the Complaint's allegations both as to jurisdiction (Answer ¶4) and as to the propriety of venue in this judicial district (Answer ¶5), without providing even a hint of any good-faith basis for such denials (remember that defense counsel, as well as plaintiffs' counsel, are subject to the requirements of notice pleading and to the objective good faith requirement imposed by Rule 11(b)). Unless Multi-Trans' counsel can swiftly explain or correct those purported denials,[1] they will be stricken and will be supplanted by admissions.

Finally, Multi-Trans' purported ADs, a laundry list that takes up as much space as the Answer itself, are flawed in a number of ways:

1. AD 1, which is essentially the equivalent of a Rule 12(b)(6) motion, is simply dead wrong. When Smiths' allegations, which must be taken as true for AD purposes (see App'x ¶5 to State Farm) are so credited, they clearly state a claim.

2. How does Multi-Trans know that Smiths have "failed to mitigate their damages," as AD 2 asserts? No good-faith basis for that proposition is advanced, and the ipse dixit conclusory assertion cannot stand.

3. ADs 3, 4 and 5 flatly contradict the allegations in

---

[1] Jurisdictional issues, if they exist, must of course be posed up front--inquiry into that area is the independent obligation of the court as well as of the parties.

Complaint ¶9--an impermissible stance for the advancement of an AD (again see State Farm).

    4. AD 6 is totally speculative. If, as and when the theoretical circumstance it describes may arise, Multi-Trans may advance the argument made there--but for now it is totally premature.

    5. AD 7 impermissibly contradicts the allegations in the Complaint. Even though Smiths' counsel has improperly lumped "defendants" in the Complaint's allegations (something that needs correction to enable each defendant to respond effectively), in the present form of the Complaint--taken as true--it cannot be said that others "were the sole proximate cause" of Smiths' injuries.

    6. Multi-Trans cannot engage in the blanket adoption of all ADs set out in Rule 8(c), as AD 8 purports to do. That type of lazy lawyering is totally uninformative and improper.

Accordingly all of the existing ADs are stricken, as are the improper portions of the Answer itself identified earlier. If Multi-Trans' counsel want to try again in any of those respects, they must seek to do so by an appropriate motion.

                                                                   _____
                                         Milton I. Shadur
                                         Senior United States District Judge

Date: February 11, 2011