IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KERRY SMITH, et al.,                )
                                    )
            Plaintiffs,             )
                                    )
    v.                              )   No. 10 C 8276
                                    )
MHI INJECTION MOLDING MACHINERY,    )
INC., et al.,                       )
                                    )
            Defendants.             )

## MEMORANDUM ORDER

On October 3, 2011 Multi-Trans Services, Inc. ("Multi-Trans"), one of the four defendants in this personal injury case brought by Kerry Smith and his wife Cheryl (collectively "Smiths") under the auspices of diversity of citizenship jurisdiction, filed a set of pleadings in response to Smiths' First Amended Complaint ("FAC"). Just three days later Smiths filed their Second Amended Complaint ("SAC"), so that Multi-Trans' counsel should examine that new pleading to see whether it calls for the revision of any of Multi-Trans' filings. In the meantime, however, this sua sponte memorandum order is triggered by a few aspects of Multi-Trans' pleadings that call for comment in any event.

First, Multi-Trans' Answer ¶5 follows a permissible Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimer with a demand for "strict proof" (whatever that may mean) of the disclaimed allegation in FAC ¶5. That demand is meaningless (see App'x ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill.

2001)), and it is stricken.

Next, Multi-Trans has filed a document captioned "Counterclaim for Contribution" containing separate counts against two of its three present codefendants and another count against a nonparty, Mitsubishi Heavy Industries, Inc. rather than its actual codefendant Mitsubishi Heavy Industries America, Inc. That filing is wrong in two respects:

    1. To the extent it targets present codefendants, it is a crossclaim rather than a counterclaim (see Rule 13(g)).

    2. Insofar as it seeks contribution from a nonparty, it is a third-party complaint (see Rule 14(a)).

Finally, Multi-Trans has filed what its counsel label a Third Party Complaint, in which it seeks contribution from (1) Mitsubishi Heavy Industries America, Inc. (already a party to the action, as stated earlier) and (2) a newly added party, Sycamore Specialized Carriers, Inc. That document is also flawed, for the claim against the Mitsubishi defendant is (as stated earlier) a crossclaim, while as a proper third-party complaint it has omitted the other Mitsubishi entity.

All of this calls for Multi-Trans' counsel to clean up their act, and they are ordered to file new and appropriate pleadings based on the SAC (except perhaps for the Answer, which they may choose to amend--if appropriate--by a brief statement letting the Answer to the FAC stand as an Answer to the SAC) on or before

October 24, 2011. No charge is to be made to Multi-Trans by its counsel for the added work and expense incurred in correcting counsel's errors. Those counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: October 11, 2011