IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KERRY SMITH, et al.,           )
                               )
            Plaintiffs,        )
                               )
     v.                        )     No.  10 C 8276
                               )
MHI INJECTION MOLDING MACHINERY,)
INC., et al.,                  )
                               )
            Defendants.        )

<u>MEMORANDUM OPINION AND ORDER</u>

Casini Warehousing Corporation ("Casini") has noticed up for presentment on November 2 its "Motion To Dismiss Multi-Trans Services, Inc. Cross-Claim for Contribution." Because the answer to the legal question regarding the pleading sufficiency (or in this case insufficiency) of that crossclaim[1] is so plain, nothing that Multi-Trans Services, Inc. ("Multi-Trans") could offer in opposition could make a difference. Hence this memorandum opinion and order answers that question, obviating any need for counsel to appear on the designated presentment date.

As chance would have it, just last week our Court of Appeals spoke to the same issue in language that might well have been written for this case. Here are the relevant excerpts from <u>McCauley v. City of Chicago</u>, No. 09-3561, 2011 WL 4975644, at *4 (7th Cir. Oct. 20):

---

[1] Although the word is frequently employed in both forms, the nonhyphenated version that this Court employs in the text conforms to the usage in Fed. R. Civ. P. 13(g).

In reviewing the sufficiency of a complaint under the plausibility standard announced in Twombly and Iqbal, we accept the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth.  Iqbal, 129 S.Ct. at 1951.  After excising the allegations not entitled to the presumption, we determine whether the remaining factual allegations "plausibly suggest an entitlement to relief."  Id.  The "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  That is, the complaint must contain "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief.  Id. at 557.

> *        *        *

We have interpreted Twombly and Iqbal to require the plaintiff to "provid[e] some specific facts" to support the legal claims asserted in the complaint.  Brooks, 578 F.3d at 581.  The degree of specificity required is not easily quantified, but "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together."  Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010).  The required level of factual specificity rises with the complexity of the claim.  Id. at 405 ("A more complex case...will require more detail, both to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected.").[2]

In this instance Multi-Trans' crossclaim for contribution targets all three of its codefendants and employs identical language as to each of them (Count II is advanced against

---

[2]   [Footnote by this Court]  This quotation should not be mistaken as a wholesale endorsement of Iqbal, as to which Judge Hamilton's trenchant and powerful partial dissent in McCauley demonstrates convincingly that the Iqbal emperor has no clothes. Instead the wholly uninformative nature of Multi-Trans' crossclaim would not have passed muster even before Twombly and Iqbal, except through a very generous reading of the now-disavowed Conley v. Gibson formulation.

2

Casini).  Each of the three crossclaims runs just a bit over a page, so that they run 4-plus pages in the aggregate.  And each of them contains nothing more than Multi-Trans' conclusory ipse dixit, with not even a clue as to the kind of information demanded by cases such as <u>McCauley</u> (which in turn draws on the <u>Twombly</u>-<u>Iqbal</u> canon).

It is thus abundantly plain that Casini's motion to dismiss is well taken, and it is granted.  And although neither of the other codefendants and crossclaim targets (MHI Injection Molding Machinery, Inc. (named in Crossclaim Count I) and Mitsubishi Heavy Industries America, Inc. (named in Crossclaim Count III)) has yet weighed in on the issue, this Court cannot anticipate any other outcome as and when they do.

_____
Milton I. Shadur
Senior United States District Judge

Date:  October 28, 2011

3