```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION
```

KERRY SMITH, et al.,              )
                                  )
          Plaintiffs,             )
                                  )
     v.                           )      No.  10 C 8276
                                  )
MHI INJECTION MOLDING MACHINERY,  )
INC., et al.,                     )
                                  )
          Defendants.             )

<u>MEMORANDUM</u>

This Court usually reserves its sua sponte memorandum orders to correct some violation of a provision or provisions of the Federal Rules of Civil Procedure or of some substantive federal statute or caselaw. But on some occasions it seems appropriate to call counsel's attention to more mundane matters, and this is one such instance.

With the advent of electronic filing, the submission of a too-bulky pleading or other document (which used to clutter up the court files needlessly) might be thought of as simply a threat to the environment via the deforesting needed to produce a needlessly lengthy paper filing. But such a practice ignores at least one audience--that of the assigned judge to whom a paper copy must be delivered and who opts to maintain chambers files in cases on its calendar.

Here counsel for Mitsubishi Heavy Industry America, Inc. and MHI Injection Molding Machinery, Inc. (collectively "Mitsubishi Companies") have just filed their First Amended Third Party

Complaint. In so doing they have peculiarly adopted the practice of following each paragraph's allegation with the indented word "ANSWER:" followed by a blank space--just where did that come from? More to the point made here, however,[1] the pleading attaches as exhibits copies of the Second Amended Complaint and of Mitsubishi Companies' Answers to that pleading--documents that everyone involved in the case (including this Court) already have.

This memorandum will not strike the current pleading or impose any obligation on the pleaders' counsel--hence the caption "Memorandum" rather than "Memorandum Order" or "Memorandum Opinion and Order." Instead the hope is that the points made here (and perhaps other practical suggestions) may take root among the drafter of the pleading, her law firm associates and any other chance readers who may become aware of this memorandum.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 13, 2011

---

[1] After all, that oddity doesn't lengthen the pleading by more than a page or two--it's just an oddity.