```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

KERRY SMITH and CHERYL SMITH,        )
                                     )
               Plaintiffs,           )
                                     )
          v.                         )    Case No:   10 C 8276
                                     )
MHI INJECTION MOLDING MACHINERY,     )
INC., MULTI-TRANS SERVICES, INC.,    )
CASINI WAREHOUSING CORPORATION,      )
MITSUBISHI HEAVY INDUSTRIES          )
AMERICA, INC., and TRANSNAV          )
TECHNOLOGIES, INC.,                  )
                                     )
               Defendants.           )
```

## MEMORANDUM OPINION AND ORDER

On April 3 counsel for defendant Casini Warehousing Corporation ("Casini") asked for and was granted leave to file its Answer to the Second Amended Crossclaim for Contribution that had been brought by co-defendant Multi-Trans Services, Inc. (neither any of the other parties litigant nor this Court had voiced an objection to that filing). That grant, however, should not be misunderstood as an indication by this Court that the pleading was error-free -- it is rather that this Court believed the nature of counsel's pleading mistake could be better dealt with through the issuance of this opinion.

In brief, the problem lies in the Answer's repeated invocation of the disclaimer made available by Fed. R. Civ. P. ("Rule") 8(b)(5) as the basis for a deemed denial of the corresponding allegations in the Second Amended Crossclaim. In doing so, Casini's counsel followed the roadmap supplied by that

Rule faithfully -- something that regrettably too many lawyers fail to do (see App'x ¶ 1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)).

But then, having done so, Casini's counsel inexplicably follows that disclaimer wherever it appears (Answer Count I ¶¶ 2-10, Count III ¶¶ 2-10 and Count IV ¶¶ 2-8) with the language "and therefore denies the allegations." That is of course oxymoronic -- how can a party that asserts (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation then proceed to deny it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken from that paragraph of the Answer.

Counsel's error, obvious though it is, is scarcely unique -- it seems to appear in answers more and more these days, though this Court does not recall encountering it at the time it published its State Farm opinion (else it would have been added to the pleading sins discussed in the Appendix there). It is only because the flaw can be cured by simply striking the offending language, rather than requiring an amended pleading, that this Court has not considered the imposition of any sanction -- other than the issuance of opinions such as this one, that is.

                                                Milton I. Shadur
                                                Senior United States District Judge

Date: April 5, 2012